**SO ORDERED.**

**SIGNED this 14 day of July, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

IN RE:

**DOROTHEA LEE RIDDICK,**

      Debtor.                                           Case No. 08-00926-8-JRL

_____

## ORDER

This matter is before the court on the motions to dismiss filed by the Chapter 13 trustee and by creditor Five C's, Inc. (Five C's). On July 8, 2008, the court conducted a hearing on this matter in New Bern, North Carolina.

The debtor filed for relief under Chapter 13 of the Bankruptcy Code on February 13, 2008. The debtor's proposed Chapter 13 plan calls for payments of $362.00 for 58 months. The trustee moves to dismiss the debtor's case because the plan is not confirmable and the debtor has failed to make payments into the plan for two months. As of the hearing date, the debtor had only paid $412.00 into the plan. The debtor is behind $724.00 in plan payments through June 2008. The debtor does not dispute the trustee's assertions that she has failed to make plan payments.

In addition, Five C's moves to dismiss the debtor's Chapter 13 case. The debtor previously filed Chapter 13 in the Eastern District of Virginia on January 6, 2006. On March 1, 2007, Five C's

filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). A consent order was entered on May 3, 2007, which permitted Five C's to exercise its rights and remedies under North Carolina law regarding real property located in Gates County, North Carolina. On January 2, 2008, the Gates County Superior Court entered a foreclosure order permitting the substitute trustee to foreclose on the property pursuant to a power of sale. On February 4, 2008, Forbes Homes, Inc. purchased the home at foreclosure sale. The upset bid period expired February 18, 2008. The debtor filed the current Chapter 13 case on February 13, 2008 in the Eastern District of North Carolina. The debtor filed a motion for a voluntary dismissal without prejudice in the Virginia Chapter 13 case on February 27, 2008 and an order dismissing the case was filed on March 14, 2008. Five C's moves to dismiss the case pending in the Eastern District of North Carolina pursuant to 11 U.S.C. § 109(g)(2) because 180 days did not pass between the voluntary dismissal of the case in the Eastern District of Virginia and the filing of the current case.

Section 109(g)(2) of the Bankruptcy Code states that an individual may not be a debtor if that individual had "a case pending under [Title 11] at any time in the preceding 180 days if . . . the debtor requested and obtained voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by [11 U.S.C. § 362]." 11 U.S.C. § 109(g)(2). In this case, the debtor requested and obtained a voluntary dismissal of the Virginia Chapter 13 case following the filing of a request for relief from the automatic stay by Five C's. The issue here is that the debtor filed the current Chapter 13 petition in the Eastern District of North Carolina prior to the entry of the order dismissing the Virginia case. Thus, under a strict reading of the statute, the debtor is not precluded from bringing the second case under § 109(g)(2) because she did not file the current case in the 180 days preceding the voluntary dismissal. However, the court is of the opinion that a debtor

2

should not be allowed to defeat the intent of § 109(g)(2) by filing a second Chapter 13 petition before taking a voluntary dismissal in the first case. The court therefore finds that the debtor does not qualify to be a debtor pursuant to 11 U.S.C. § 109(g)(2). This result is in line with the ruling of the Bankruptcy Court for the Eastern District of North Carolina in In re Tune, 361 B.R. 466 (Bankr. E.D.N.C. 2007). In Tune, Judge Doub granted a creditor's motion to dismiss pursuant to § 109(g)(2) where the debtor filed a second Chapter 13 petition just three days after filing a motion for voluntary dismissal and before the dismissal of the prior case was granted. Id. at 467-68.

Based on the foregoing, the court ALLOWS both the trustee's motion to dismiss and Five C's motion to dismiss. The debtor's case is dismissed on the grounds of failure to make plan payments and because the debtor does not qualify to be a debtor pursuant to 11 U.S.C. § 109(g)(2). The debtor is barred from filing another bankruptcy case in any jurisdiction for a period of 180 days to allow Five C's an opportunity to complete the foreclosure proceeding.

**"END OF DOCUMENT"**